UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHANA MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; and KAWEAH DELTA HEALTH CARE DISTRICT,<br><br>Defendants. | 1:16-cv-01556-LJO-SKO<br><br>**MEMORANDUM DECISION AND ORDER GRANTING DEEFENDANT UNITED STATES' MOTION TO DISMISS**<br><br>(ECF No. 18.) |

## I. BACKGROUND

Plaintiff Johana Martinez ("Plaintiff" or "Martinez") filed a first amended complaint ("FAC") in this action on March 28, 2017 against Defendants United States of America ("United States" or "Defendant") and Kaweah Delta Health Care District ("KDHCD"). This action arises out of injuries Plaintiff sustained during a robotic-assisted total laparoscopic hysterectomy with bilateral salpingectomy and cystoscopy performed by Dr. Elizabeth Enderton ("Dr. Enderton"), a physician employed by Family HealthCare Network ("FHCN") at the Kaweah Delta Medical Center.

Plaintiff brings four causes of action: 1) professional negligence; 2) negligence – vicarious liability/respondeat superior; 3) negligent hiring, retention, and supervision; and 4) negligence. (ECF

1

No. 16.) The United States is named as a defendant in Counts One through Three. (*Id.*) KDHCD is named as the defendant in Count Four. (*Id.*) Plaintiff alleges federal question jurisdiction pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680 and 42 U.S.C. § 233(g)-(n) with respect to Counts One through Three and supplemental jurisdiction over Count Four pursuant to 28 U.S.C. § 1367.

Defendant United States acknowledged in a certification that Dr. Enderton is deemed an employee of the Public Health Service pursuant to the Federally Supported Health Centers Assistance Act of 1992 ("FSHCAA"), 42 U.S.C. § 233, and was acting in the scope of her employment at the time of the events alleged in the FAC. (ECF No. 13-1.) Defendant United States further certified that FHCN, a federally funded healthcare facility and a grantee of the United States Department of Health & Human Services, is covered by the FTCA by operation of the FSHCAA, 28 U.S.C. § 2697and 28 C.F.R. § 15.3. (*Id.*)

Now before the Court is Defendant United States' motion to dismiss Counts Two and Three, filed April 11, 2017. (ECF No. 18.) Defendant argues that Count Two of the FAC should be dismissed as unnecessary, because the United States is the only proper party under the FTCA. (*Id.*); *see also* 28 U.S.C. § 2679. Defendant also argues that Count Three of the FAC should be dismissed for lack of subject matter jurisdiction. Plaintiff stipulated to dismissal of Count Two without prejudice, but opposed Defendant's motion to dismiss Count Three. (ECF No. 20.) Defendant submitted a reply. (ECF No. 21.) The Court accepts the parties' stipulation to dismiss Count Two of the FAC without prejudice and will not address it further in this Order. Defendant's motion to dismiss Count Three is ripe for review, and this matter is suitable for disposition without oral argument. *See* Local Rule 230(g). Venue is proper in this Court.

//
//
//

2

## II. STANDARD OF DECISION

**A.    Rule 12(b)(1)**

A motion to dismiss for lack of subject matter jurisdiction determines whether the plaintiff has a right to be in federal court, whereas a motion to dismiss for failure to state a claim questions whether a cognizable legal claim has been stated. *Tr. of Screen Actors Guild-Producers Pension & Health Plans v. NYCA, Inc.*, 572 F.3d 771, 775 (9th Cir. 2009) (quoting 5B Wright & Miller, Federal Practice and Procedure § 1350 (3d ed. 2004)). A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Faced with a Rule 12(b)(1) motion, a plaintiff bears the burden of proving the existence of the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968-69 (9th Cir. 1981).

"A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (internal citations omitted); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 890-92 (3rd Cir. 1977); *Exchange Nat'l Bank v. Touche Ross & Co.*, 544 F.2d 1126, 1130-31 (2nd Cir. 1976). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint. *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003); *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). A proper speaking motion allows the court to consider evidence outside the complaint without converting the motion into a summary judgment

3

motion. *See Safe Air*, 373 F.3d at 1039. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039-40, n.2. In a speaking motion, "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Safe Air*, 373 F.3d at 1039. Few procedural limitations exist in a factual challenge to a complaint's jurisdictional allegations. *St. Clair v. City of Chico*, 880 F.2d 199, 200-02 (9th Cir. 1989).

The court may permit discovery before allowing the plaintiff to demonstrate the requisite jurisdictional facts. *Id.* A court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, if the jurisdictional facts are separable from the merits. *Rosales v. United States*, 824 F.2d 799, 802-03 (9th Cir. 1987). However, if the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the court should dismiss for lack of jurisdiction only if the material facts are not in dispute and the moving party is entitled to prevail as a matter of law. Otherwise, the intertwined facts must be resolved by the trier of fact. *Id.*

**B.     Sovereign Immunity**

Under the doctrine of sovereign immunity, "the United states . . . is immune from suit save as it consents to be sued," and "the terms of its consent to be sued in any court define that court's jurisdiction[.]" *United States v. Sherwood*, 312 U.S. 584, 586 (1941). A waiver of traditional sovereign immunity is not implied but must be unequivocally expressed. *See United States v. Testan*, 424 U.S. 392, 399 (1983). "[S]tatutes which are claimed to be waivers of sovereign immunity are to be strictly construed against such surrender." *Safeway Portland Emp. Federal Credit Union v. Federal Deposit Ins. Corp.*, 506 F.2d 1213, 1216 (9th Cir. 1974).

A party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity. *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983). "Thus, the

United States may not be sued without its consent and the terms of such consent define the court's jurisdiction." *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987). "The question whether the United States has waived its sovereign immunity against suits for damages is, in the first instance, a question of subject matter jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir 1988). "Absent consent to sue, dismissal of the action is required." *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982).

## III. DISCUSSION

### A. The FTCA and the Discretionary Function Exception

Plaintiff seeks to invoke this Court's subject matter jurisdiction under the FTCA to pursue her claims. The FTCA is a "limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976). The FTCA waives the federal government's sovereign immunity when its employees are negligent within the scope of their employment. *Faber v. United States*, 56 F.3d 1122, 1124 (9th Cir. 1995). Defendant argues that Plaintiff's claim for negligent hiring, retention, and supervision is barred by the discretionary function exception to the FTCA.

The discretionary function exception to the government's waiver of sovereign immunity in tort claims is enumerated in 28 U.S.C. § 2680. It applies to "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The discretionary function exception "restores the government's immunity in situations where its employees are carrying out governmental or 'regulatory' duties." *Faber*, 56 F.3d at 1124. The exception is designed to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 567 U.S. 797, 808 (1984).

5

The Government "bears the burden of proving the applicability of one of the exceptions to the FTCA's general waiver of immunity" because such an exception "is analogous to an affirmative defense" to correctly place the burden on "the party which benefits from the defense." *Prescott v. United States*, 973 F.2d 696, 702 (9th Cir. 1992). "Although the plaintiff bears the initial burden of proving subject matter jurisdiction under the FTCA, 'the United States bears the ultimate burden of proving the applicability of the discretionary function exception.'" *Faber*, 56 F.3d at 1124 (quotations omitted).

**B.     Two-Step Analysis**

The United States Supreme Court has articulated and refined a two-part test to determine whether a claim is subject to the discretionary function exception. *See United States v. Gaubert*, 499 U.S. 315, 322, 325 (1991); *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536 (1988); *Varig Arilines*, 467 U.S. at 820. The first step requires determination whether any "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." *Gaubert*, 499 U.S. at 322. If so, the discretionary function exception does not apply because there is no element of judgment or choice in the complained of conduct. *Id*. In the absence of an element of judgment or choice, "the inquiry is at an end." *Blackburn*, 100 F.3d at 1429. Discretion is removed "under the FTCA when it is embodied in a specific and mandatory regulation or statute which creates clear duties incumbent upon the governmental actors." *Kennewick Irr. Dist. v. United States*, 880 F.2d 1018, 1026 (9th Cir. 1989). Nonetheless, a general regulation or policy "does not remove discretion unless it specifically prescribes a course of conduct." *Kelly v. United States*, 241 F.3d 755, 761 (9th Cir. 2001).

To determine whether the complained of conduct was grounded in judgment or choice, the crucial first step is to determine exactly what conduct is at issue. *Autery v. United States*, 992 F.2d 1523, 1527-28 (11th Cir. 1993). "The nature of the conduct involved governs whether the so-called discretionary function exception applies." *Cunningham v. United States*, 786 F.2d 1445, 1446 (9th Cir. 1986). Negligence "is irrelevant to our inquiry at this point. Governing administrative policy, not the [defendant's] knowledge of danger, determines whether certain conduct is mandatory for purposes of the

discretionary function exception." *Autery*, 992 F.2d at 1527-28.

If an element of choice or judgment is involved, the second step of the analysis is invoked to determine whether the challenged discretionary acts "are of the nature and quality that Congress intended to shield from tort liability." *Varig Airlines*, 467 U.S. at 813. Decisions that require choice are exempt from suit under the FTCA if they are "susceptible to policy judgment" and involve an exercise of "political, social, [or] economic judgment." *Gaubert*, 499 U.S. at 325; *Varig Airlines*, 467 U.S. at 820. "When established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Gaubert*, 499 U.S. at 324. Where there is room for policy judgment and decision, there is discretion of the sort protected by 28 U.S.C. § 2680(a). *Id*. "'[I]f judicial review would encroach upon this type of balancing done by an agency, then the exception would apply.'" *Chamberlin v. Isen*, 779 F.2d 522, 523 (9th Cir. 1985) (quotations omitted).

Moreover, "[t]he challenged decision need not be actually grounded in policy considerations." *Miller v. United States*, 163 F.3d 591, 593 (9th Cir. 1998). The discretionary function exception applies "[e]ven if the decision is an abuse of the discretion granted." *Terbush v. United States*, 516 F.3d 1125, 1129 (9th Cir. 2008).

Applying the test to this case, Defendant posits, with respect to the first prong, that there is no federal statute, regulation, or policy that specifically prescribes a course of action with respect to the supervision of Public Health Services employees. *See* 42 U.S.C. § 233; 42 C.F.R. § 35. Therefore, the conduct – hiring, supervision, and retention of employees – is discretionary in nature. Indeed, the Ninth Circuit has held that decisions relating to the supervision of employees are generally discretionary. *See Doe v. Holy See*, 557 F.3d 1066, 1084 (9th Cir. 2009) ("nowhere does Doe allege the existence of a policy that is '*specific* and *mandatory*'" (citations omitted)); *Nurse v. United States*, 226 F.3d 996, 1001 (9th Cir. 2000) ("First, the complaint challenges the policy-making defendants' allegedly negligent and reckless employment, supervision and training of the Vancouver and LAX defendants. These acts fall

7

squarely within the discretionary function exception.").

With respect to the second prong, the manner in which the United States supervises its employees involves the type of judgment "of the nature and quality that Congress intended to shield from tort liability." *Varig Airlines*, 467 U.S. at 813; *see also Vickers v. United States*, 228 F.3d 944, 950 (9th Cir. 2000) (noting that "decisions relating to the . . . supervision of employees usually involve policy judgments of the type Congress intended the discretionary function exception to shield"); *Holy See*, 557 F.3d at 1084 ("the decision of whether and how to retain and supervise an employee . . . are the type of discretionary judgments that the exclusion was designed to protect."); *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1217 (D.C. Cir. 1997) ("The hiring, training, and supervision choices that WMATA faces are choices 'susceptible to policy judgment.'" (internal citations omitted)).

Plaintiff counters that Defendant has not met its burden of showing that the allegations in the FAC are covered by the discretionary function exception. Plaintiff points out that it alleges that the government "failed to establish, promulgate and enforce policies, rules and regulations regarding the employment and/or relationship with [Dr.] Enderton" and that it failed to set its "own internal policies and adopted regulations governing the operation of FHCN and after notice of illegal and/or unlawful actions of Enderton." (ECF No. 20 at 7-8.) She asserts that the failure to establish policies in this regard was not a discretionary function, but makes no reference to any specific statute, regulation, or policy requiring the government to set such policies or regulations. *See Kennewick Irrigation Dist.*, 880 F.2d at 1026 (A mandatory or specific statute or regulation is one that "creates clear duties incumbent upon government actors").

Moreover, "[t]ypically, the promulgation of policies and rules is protected by the FTCA's discretionary function exception" unless the policies are "discriminatory, unconstitutional policies" or policies that otherwise "violate[] a legal mandate." *Nurse*, 226 F.3d at 1002; s*ee also Miller*, 163 F.3d at 596 (establishing priorities and assigning resources are discretionary choices protected by section 2680(a)); *Hughes v. United States*, 110 F.3d 765, 768 (11th Cir. 1997) (decision regarding post office

8

security involved discretionary judgment). Here, Plaintiff cites no unconstitutional or illegal policy. Plaintiff only points, vaguely, to the failure to establish a policy. The decision to establish a policy not required by law falls squarely within the discretionary function. *See Parsons v. United States*, 811 F. Supp. 1411, 1417 (E.D. Cal. 1992) ("If the relevant decision is within the discretionary function exception, then logically the failure to consider whether to make the decision necessarily falls within the exception as well.") (internal quotation marks and citations omitted).

Plaintiff also contends that the agency retained Dr. Enderton despite knowledge that she posed a substantial risk to others and that this type of conduct is not susceptible to social, economic, or political analysis. However, Plaintiff has failed to make a non-conclusory allegation that FHCN knew or should have known that Dr. Enderton was a risk to patients like Plaintiff. *See Fang v. United States*, 140 F.3d 1238, 1242 (9th Cir. 1998) (holding that EMT training level of Park Service employees is "fully protected by the discretionary function exception to the FTCA"). Therefore, Plaintiff has not rebutted Defendant's assertion that its retention of Dr. Enderton was susceptible to a policy judgment.

In short, Defendant United States met its burden by demonstrating that there is no federal statute, regulation, or policy that governs the hiring, supervision, or retention of Public Health Services employees, *and* that the decisions regarding hiring, supervision, and training implicate policy considerations such that the conduct falls within the discretionary exception. Because its hiring and supervision of Public Health Service employees falls within the discretionary function exception to the FTCA, Defendant United States has not waived sovereign immunity with respect to Plaintiff's claim of negligent hiring, retention and supervision. Therefore, the Court lacks subject matter jurisdiction as to Count Three, and it is DISMISSED. Because Plaintiff could amend to state a facially valid claim, dismissal is without prejudice.

## IV. CONCLUSION AND ORDER

For the reasons stated above, the Court

1) DISMISSES WITHOUT PREJUDICE Count Two of the FAC, pursuant to the stipulation of

the parties.

2) DISMISSES WITHOUT PREJUDICE Count Three of the FAC.

Plaintiff shall have twenty (20) days from electronic service of this Order to file an amended complaint or give notice that she will stand on the current pleading.

IT IS SO ORDERED.

Dated: **May 8, 2017**  **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE