Lisa M. Martin #106034
Carol A. O'Neil #71282
WEISS·SALINAS LAW GROUP, INC.
7108 North Fresno Street, Suite 250
Fresno, California 93720
Tel: (559) 438-2080
Fax: (559) 438-8363
Emails: lmartin@weiss-salinas.com; coneil@weiss-salinas.com

Attorneys for Respondent, KAWEAH DELTA HEALTH CARE DISTRICT

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHANA MARTINEZ, | Case No. 1:16-CV-01556-LJO-SKO |
| Plaintiff, | **STIPULATION AND PROTECIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND DOCUMENTS** |
| vs. | |
| ELIZABETH L. ENDERTON, D.O.; FAMILY HEALTHCARE NETWORK; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; and KAWEAH DELTA HEALTH CARE DISTRICT, | **(Doc. 37)** |
| Defendants. | |

**TO THIS HONORABLE COURT:**

**IT IS HEREBY STIPULATED** by and between Plaintiff Johana Martinez ("Plaintiff") and Defendants United States of America and Kaweah Delta Health Care District by and through their respective undersigned counsel of record that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws and privacy rights, that a Protective Order Regarding Confidential Information and Documents be entered in this case as follows:

1. In this Stipulation and Protective Order Regarding Confidential Information and Documents ("Stipulation and Protective Order"), the words set forth below shall have the

1
STIPULATED PROTECTIVE ORDER AND ORDER THEREON

following meanings:

a. "Proceeding" means the above-entitled proceeding, Case No. 1:16-CV-01556-LJO-SKO. The term "Proceeding" shall also mean and refer to the companion State Court action, filed in Santa Clara County Superior Court as Case No. 16CV292990, *Johana Martinez, Plaintiff v. Intuitive Surgical Inc., et al., Defendants.*

b. "Court" means the United States District Court of the Eastern District of California, including Court staff participating in such Proceeding.

c. "Confidential" means any Documents, Testimony or Information, as defined below, the Designating Party believes in good faith constitutes or discloses information that qualifies for protection pursuant to federal or state law, specifically information that is a trade secret or other confidential research, development or commercial information, and materials that are deemed confidential under federal Food & Drug Administration ("FDA") regulations or Health Insurance Portability and Accountability Act ("HIPAA") statutes and/or regulations.

d. "Attorneys' Eyes Only" means any Documents, Testimony or Information, as defined below, that, if disclosed, would cause substantial economic harm to the competitive position to the Designating Party.

e. "Competitor" or "Competitors" means any individual or entity who is currently, or who at any time during the pendency of this Proceeding becomes, an employee of or a consultant to an entity engaged in the business of robotic surgery, or is an employee of or a consultant to an entity actively investigating entering such business, other than defendant Intuitive Surgical, Inc.

f. "Designating Party" means the party that designates materials as "Confidential" or "Attorneys' Eyes Only."

g. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give or make available materials, or any part thereof, or any information contained therein.

h. "Documents" means (i) any "Writing," "Original" and "Duplicate," as those terms are defined by California Evidence Code sections 250, 255 and 260 and the Federal

Rules of Evidence, which have been produced in discovery in this Proceeding or the companion State Court case, filed in Santa Clara County Superior Court as Case No. 16CV292990, by any person, party or entity, and (ii) any copies, reproductions or summaries of all or any part of the foregoing.

      i.      "Information" means the content of Documents or Testimony.

      j.      "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

    2.    The entry of this Stipulation and Protective Order does not alter, waive, modify or abridge any right, privilege or protection otherwise available to any party with respect to the discovery of matters, including but not limited to any party's right to assert the attorney-client privilege, the attorney work product doctrine or other applicable privileges or doctrines, or any party's right to contest any such assertions. In the event that any information is to be produced as to which California's statutory peer-review privilege applies, this Protective Order shall apply.

    3.    Any Documents, Testimony or Information to be designated as "Confidential" or "Attorneys' Eyes Only" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced, with the exception of Deposition Testimony which shall be designated as described in Paragraph 3.b of this Stipulation and Protective Order. The "Confidential" or "Attorneys' Eyes Only" designation should not obscure or interfere with the legibility of the designated Information.

      a.    For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" or "Attorneys' Eyes Only" on each page of any Document containing such designated confidential material.

      b.    For Testimony given in depositions, the Designating Party may either:
          i.    identify on the record, before the close of the deposition, all "Confidential" and "Attorneys' Eyes Only" Testimony, by specifying all portions of the Testimony and all exhibits that qualify as "Confidential" or "Attorneys' Eyes Only;" or

ii. within 45 days after the final transcript has been received by the Deponent's counsel, designate in writing those portions of the Testimony that are "Confidential" and "Attorneys' Eyes Only" by page and line number(s), and by designating any exhibits, that are "Confidential" or "Attorneys' Eyes Only."  Such designations shall be communicated to the Court Reporter and all parties in writing. Until the expiration of such 45-day period, the entire transcript of the deposition including all Testimony therein and exhibits thereto (except for exhibits that were previously produced without being marked confidential) shall be treated as "Attorneys' Eyes Only" under this Stipulation and Protective Order.

c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential" or "Attorneys' Eyes Only."  If only portions of the Information or item warrant protection, the Designating Party shall identify the "Confidential" or "Attorneys' Eyes Only" portions in an accompanying cover letter or by designation in the accompanying load file.

4. The inadvertent production by any of the undersigned parties or non-parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" or "Attorneys' Eyes Only" designation shall be without prejudice to any claim that such item is appropriately designated as "Confidential" or "Attorneys' Eyes Only," and such party shall not be held to have waived any rights by such inadvertent production.  In the event that any Document, Testimony or Information is inadvertently produced without a "Confidential" or "Attorneys' Eyes Only" designation, the party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential"

or "Attorneys' Eyes Only" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the receiving parties shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or return all copies of such Document, Testimony or Information to counsel for the producing party and shall retain only the "Confidential" or "Attorneys' Eyes Only" designated materials. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client privilege or attorney work product doctrine. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

5. In the event that counsel for a receiving party objects to the designation of Documents, Testimony or Information as "Confidential" or "Attorneys' Eyes Only," said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). If counsel for the Designating Party does not agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections within thirty (30) days from receipt of the written Designation Objections, the receiving party may file a motion seeking an order to de-designate such Documents, Testimony or Information. Pending a resolution of the motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such motion shall remain in place.

6. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

    a. the Court;

    b. (1) Attorneys of record in this Proceeding and in Santa Clara County Superior Court Case No. 16CV292990 and their affiliated attorneys, paralegals, clerical and secretarial staff and other supporting personnel employed by such attorneys; and (2) Employees of the undersigned parties, including but not limited to in-house counsel and the paralegal, clerical and secretarial staff employed by such counsel.

c.  Employees or agents not regularly employed by the undersigned parties and retained for purposes of the prosecution or defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such employee or agent, counsel for the party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form that is attached as Exhibit A to a comparable Stipulated Protective Order in Santa Clara County Superior Court Case No. 16CV292990 (hereinafter referred to as "Exhibit A."

d.  Court reporters in this Proceeding (whether at depositions, hearings or any other proceeding);

e.  Any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

f.  Any deposition, trial or hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that prior to the Disclosure of Confidential Materials to such witness, counsel for the party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form of Exhibit A;

g.  mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form of Exhibit A;

h.  outside experts or expert consultants consulted by the undersigned parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such

expert or expert consultant, counsel for the party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form of Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

        i. any other person that the Designating Party agrees to in writing.

    7. Access to and/or Disclosure of Materials designated as "Attorneys' Eyes Only" shall be permitted only to the following persons:

        a. the Court;

        b. the attorneys representing parties in this action, including their partners and associates and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic and clerical employees, who are working on this Proceeding (or any further proceedings herein) under the direction of such attorneys and to whom it is necessary that the "Attorneys' Eyes Only" Materials be Disclosed for purposes of this Proceeding. Such employees, assistants, contractors and agents to whom such access is permitted and/or Disclosure is made shall, prior to such access or Disclosure, be advised of, and become subject to, the provisions of this Stipulation and Protective Order. Attorneys, for purposes of this subparagraph, shall include in-house counsel to the undersigned parties or the paralegal, clerical and secretarial staff employed by such in-house counsel, but shall not include other employees of the undersigned parties;

        c. outside experts or expert consultants consulted by the undersigned parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Attorneys' Eyes Only Materials to any such expert or expert consultant, counsel for the party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form of Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this

Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

        d.     court reporters in this Proceeding (whether at depositions, hearings or any other proceeding); and

        e.     any other person that the Designating Party agrees to in writing.

    8.     Prior to disclosure, the receiving party will inform the Designating Party of the receiving party's intent to disclose "Confidential" material to anyone who is currently, or who at any time during the pendency of this Proceeding becomes, an employee of or a consultant to a Competitor (as such individuals are defined in Paragraph 1) in the manner set forth below:

        a.     Give at least ten (10) court days' notice in writing to counsel for the party who designated such information as "Confidential" of the intent to so disclose that information, although the disclosing party is not required to identify the intended recipient of such materials.

        b.     Within ten (10) court days thereafter, counsel for the parties shall attempt to resolve any disputes between them regarding the production of the "Confidential" material to the intended individuals.

        c.     If the parties are unable to resolve any dispute regarding such production, within an additional seven (7) court days, the party who designated the information in question as "Confidential" shall file a motion objecting to the proposed disclosure. In making such motion, it shall be the producing party's burden to demonstrate good cause for preventing the disclosure. Pending a resolution of the motion by the Court, the receiving party shall not disclose any "Confidential" material to any employee of or consultant to a Competitor.

        d.     If the Court permits disclosure of the material designated as "Confidential" at issue, the information remains designated as "Confidential" and the individual receiving such information shall be bound by the requirements of the Stipulation and Protective Order.

        e.     If a receiving party wishes to disclose to a Competitor materials designated as "Attorneys Eyes Only," the receiving party shall follow the procedures in paragraph 5 to request that the material be de-designated or designated as "Confidential,"

followed by the procedures in paragraph 8 as necessary.

9. "Clawback" Procedure:

a. Inadvertent production of documents or electronically stored information ("ESI") (collectively "Inadvertently Produced Documents") subject to protection under the attorney work-product doctrine, attorney-client privilege or any other legal doctrine or privilege protecting information from discovery, shall not constitute a waiver of the privilege, provided that the producing party shall notify the receiving party in writing as set forth herein. In the event that a party inadvertently produces documents or ESI subject to a claim of privilege, the producing party shall, within ten (10) court days of the discovery of the inadvertent disclosure, notify the receiving parties in writing of the inadvertent disclosure. The producing party may, in the notice, request a "clawback" of the inadvertently disclosed material. The parties receiving such clawback notice shall immediately and diligently act to retrieve the Inadvertently Produced Documents, and all copies, including any loaded to databases, and return them to the producing party or destroy them as agreed between the parties. Those portions of notes or other work product of the receiving party reflecting the contents of such materials shall be destroyed and not used.

b. If a receiving party elects to file a motion challenging a party's right to claw back Inadvertently Produced Documents, the receiving party may retain possession of the Inadvertently Produced Documents as well as any notes or other work product of the receiving party reflecting the contents of such materials pending the resolution by the Court of the motion, but shall segregate and not use them pending resolution of the motion. If the receiving party's motion is denied, the receiving party shall promptly comply with the immediately preceding provisions of this paragraph. No use shall be made of such Inadvertently Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them unless otherwise ordered by the Court.

10. "Confidential" or "Attorneys' Eyes Only" materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of and/or prosecuting and/or defending the Proceeding, and not for any business or other

purpose whatsoever.

11. Any party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

12. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

  a. operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" or "Attorneys' Eyes Only" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

  b. prejudice in any way the right of any party (or any other person subject to the terms of this Stipulation and Protective Order):

    i. to seek a determination by the Court of whether any particular material should be subject to protection as "Confidential" or "Attorneys' Eyes Only" under the terms of this Stipulation and Protective Order; or

    ii. to seek relief from the Court on appropriate notice to all other parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Testimony or Information.

13. Any party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other parties to this Stipulation and Protective Order.

14. Any Information that may be produced by a non-party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-party as

"Confidential" or "Attorneys' Eyes Only" under the terms of this Stipulation and Protective Order, and any such designation by a non-party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned parties hereto. Any such designation shall also function as consent by such producing party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

15. If any person subject to this Stipulation and Protective Order who has custody of any "Confidential" or "Attorneys' Eyes Only" materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of "Confidential" or "Attorneys' Eyes Only" materials, the recipient of the Subpoena or other process shall promptly give written notice of the same to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena or other process. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena or other process, otherwise oppose production of the "Confidential" or "Attorneys' Eyes Only" materials, and/or seek to obtain confidential treatment of such "Confidential" or "Attorneys' Eyes Only" materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena shall not produce any "Confidential" or "Attorneys' Eyes Only" Documents, Testimony or Information in response to the Subpoena or other process prior to the date specified for production on the Subpoena.

16. Nothing in this Stipulation and Protective Order shall be construed to preclude any party from asserting in good faith that certain "Confidential" or "Attorneys' Eyes Only" materials require additional protection. The parties shall meet and confer to agree upon the terms of such additional protection.

17. This Stipulation and Protective Order is entered into without prejudice to the right of any party to knowingly waive the applicability of this Stipulation and Protective Order to any "Confidential" or "Attorneys' Eyes Only" material designated by that party.

11
STIPULATED PROTECTIVE ORDER AND ORDER THEREON

18. Where any "Confidential" or "Attorneys' Eyes Only" materials, or Information derived from such materials, are to be included in any motion or other proceeding that is governed by Rules 2.550 and 2.551 of California Rules of Court, the party shall follow those rules. With respect to discovery motions or other proceedings that are not governed by Rules 2.550 and 2.551 of California Rules of Court, the following shall apply: If "Confidential" or "Attorneys' Eyes Only" materials, or Information derived from such materials, are submitted to or otherwise disclosed to the Court in connection with these Proceedings, the same shall be separately filed under seal with the clerk of the Court in an envelope marked: "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."

19. The parties shall meet and confer regarding the procedures for use of "Confidential" or "Attorneys' Eyes Only" materials at trial and shall move the Court for entry of an appropriate order.

20. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of "Confidential" or "Attorneys' Eyes Only" materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of protected material.

21. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

22. Upon written request made within sixty (60) days after the settlement or other termination of the Proceeding, the undersigned parties shall have thirty (30) days to either promptly return to counsel for each Designating Party all "Confidential" or "Attorneys' Eyes Only" material and all copies thereof (except that counsel for each party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work

product, and one copy of each pleading filed with the Court, and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such "Confidential" or "Attorneys' Eyes Only" material, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

23. Nothing in this Stipulation and Protective Order shall prevent any other party from seeking amendments broadening or restricting the rights of access to or the use of "Confidential" and/or "Attorneys' Eyes Only" material or otherwise modifying this Stipulation and Protective Order.

24. After this Stipulation has been signed by counsel for all parties, it shall be presented to the Court for entry.

25. The parties and all signatories to the form "Exhibit A," agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Stipulation and Protective Order, the parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of "Confidential" or "Attorneys' Eyes Only" material under the terms herein.

26. The parties and their counsel all agree that the time frames referenced herein may be altered or amended by the parties or their counsel upon reasonable notice and request for any and all instances where good cause is found (e.g., shortening any applicable time frame for an impending trial date; or conversely extending the time where appropriate or necessary to further meet and confer or for other good cause).

///

The scanned, facsimile or electronic signatures of the undersigned counsel shall be acceptable as if such signatures were the originals, and this Stipulation and Protective Order may be executed in counterparts.

IT IS SO STIPULATED.

Dated: August 16, 2018.　　　　　　　　WEISS·SALINAS LAW GROUP, INC.

　　　　　　　　　　　　　　　　　　By: */s/ Lisa M. Martin*
　　　　　　　　　　　　　　　　　　　　Lisa M. Martin
　　　　　　　　　　　　　　　　　　　　Carol A. O'Neil
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　KAWEAH DELTA HEALTH CARE DISTRICT

Dated: August 16, 2018.　　　　　　　　UNITED STATES ATTORNEY

　　　　　　　　　　　　　　　　　　By: */s/ Jeffrey J. Lodge*
　　　　　　　　　　　　　　　　　　　　Jeffrey J. Lodge (e-signature use authorized on August 15, 2018)
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　UNITED STATES OF AMERICA

Dated: August 15, 2018.　　　　　　　　HEARD ROBINS CLOUD, LLP

　　　　　　　　　　　　　　　　　　By: */s/ Stephen J. Kelly*
　　　　　　　　　　　　　　　　　　　　Stephen J. Kelly (e-signature use authorized on August 15, 2018)
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　JOHANA MARTINEZ

## **ORDER**

**GOOD CAUSE APPEARING**, the Court hereby approves and enters the foregoing Stipulation and Protective Order Regarding Confidential Information and Documents (Doc. 37).

IT IS SO ORDERED.

Dated:　**August 16, 2018**　　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHANA MARTINEZ, | ) Case No. 1:16-CV-01556-LJO-SKO |
| Plaintiff, | ) **EXHIBIT "A" TO PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND DOCUMENTS** |
| vs. | ) |
| ELIZABETH L. ENDERTON, D.O.; FAMILY HEALTHCARE NETWORK; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; and KAWEAH DELTA HEALTH CARE DISTRICT, | ) |
| Defendants. | ) |

I hereby acknowledge that I, _____, [NAME, POSITION AND EMPLOYER], am about to receive Confidential materials supplied in connection with the Proceeding Case No. 1:16-CV-01556-LJO-SKO. I certify that I understand that the Confidential materials are provided to me subject to the terms and restrictions of the Protective Order filed in this proceeding.

I have been given a copy of the Protective Order; I have read it, and I agree to be bound by its items.

I understand that Confidential materials, as defined in the Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Protective Order regarding Confidential Information and Documents. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential materials obtained pursuant to the Protective Order Regarding Confidential Information and Documents, except as provided therein or otherwise ordered by the Court in this Proceeding.

I further understand and acknowledge that to the extent I am receiving "Confidential" and/or "Attorneys' Eyes Only" designated documents, that I am not employed by a Competitor to Intuitive Surgical, Inc., as defined by paragraph 1(e) of the Protective Order.

I understand that: (a) "Confidential" and/or "Attorneys' Eyes Only" designated documents (collectively "Confidential Documents") and any copies thereof are confidential information to remain in my personal custody until I have completed my assigned duties, whereupon they are to be returned to counsel who provided me with such Confidential Information: (b) no disclosure or use of such Confidential Documents shall be made or permitted for commercial business or competitive reasons, and Confidential Documents shall not be published via any medium, including but not limited to the internet; (c) I am submitting to the jurisdiction of this Court for purposes of enforcement of the Stipulated Protective Order; and (d) upon termination of my participation in this Proceeding, copies of the Confidential Documents will be returned to counsel who provided me with such materials.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed this \_\_\_\_ day of _____, 2018, at _____, California.

Dated: _____.      By: _____
                                                    Signature

_____
Title

_____
Address

_____
City, State, Zip

_____
Telephone