McGREGOR W. SCOTT
United States Attorney
JEFFREY J. LODGE
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099
Email: jeffrey.lodge@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHANA MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 1:16-cv-01556 LJO-SKO<br><br>**STIPULATION TO EXTEND DISPOSITIVE MOTION DEADLINE; ORDER**<br><br>(Doc. 51) |

Plaintiff Johana Martinez ("Plaintiff") and Defendant United States ("Defendant"), (collectively "the parties"), stipulate, by and through their undersigned counsel, and request that the time to file dispositive motions should be extended for two weeks from the existing deadline of October 29, 2018, to November 12, 2018.

The timing of recent discovery disputes and the obligations regarding other cases has made it difficult for the United States to finalize its summary judgment motion within existing deadline. The United States requests that the deadline for filing dispositive motions, as well as the corresponding deadlines for the opposition, reply, and hearing, be extended for approximately two weeks. The United States did timely provide the Plaintiff with a proposed joint statement of undisputed facts.

Accordingly, the parties stipulate and agree that the deadline for filing dispositive motions, as

well as the corresponding deadlines for the opposition, reply, and hearing, be extended for approximately two weeks. This is not a material alteration of the scheduling order and no other adjustments to the schedule or the order are contemplated. The parties request the court to endorse this stipulation by way of formal order.

Respectfully submitted,

Dated: October 30, 2018        McGREGOR W. SCOTT
                               Acting United States Attorney

                       By:     /s/Jeffrey J. Lodge
                               JEFFREY J. LODGE
                               Assistant U.S. Attorney
                               Attorneys for the United States


Dated: October 30, 2018        ROBINS CLOUD LLP


                               (As authorized 10/30/18)
                               /s/Ari Friedman
                               Ari Friedman
                               Attorneys for Plaintiff

## ORDER

Based in part on the parties' above-stipulation (Doc. 51), and with good cause shown, the Court hereby ORDERS that case schedule (Doc. 35 and 49) is modified as follows:

| Event | Prior Date | Continued Date |
|---|---|---|
| Dispositive Motion Filing | October 29, 2018 | November 12, 2018 |
| Opposition to Dispositive Motion Filing: | November 23, 2018 | December 7, 2018 |
| Reply in Support of Dispositive Motion Filing | November 30, 2018 | December 14, 2018 |
| Dispositive Motion Hearing | December 5, 2018 | December 19, 2018 |
| Pretrial Conference | January 30, 2019, at 8:15 am | February 6, 2019, at 8:15 am[1] |

---

[1] The pretrial conference has been adjusted to allow the Court adequate time to rule on dispositive motions.

The trial date remains set for March 26, 2019, at 8:30 a.m.

It is further ORDERED that Plaintiff's Ex Parte Motion to Enlarge the Dispositive Motion Deadline (Doc. 50) is DENIED as MOOT.[2]

IT IS SO ORDERED.

Dated: __**October 31, 2018**__   /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court observes that Defendant's ex parte motion seeking to enlarge the dispositive motion deadline was filed on the day the deadline expired. Requests for extension are governed by Rule 144 of the Local Rules of the United States District Court, Eastern District of California ("Local Rules"). Local Rule 144(d) explains that "[r]equests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." In addition, the above-stipulation was filed *after* the expiration of the dispositive motion deadline. The Court may extend time to act after the deadline has expired because of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Here, although the above-stipulation demonstrates good cause to support the request for extension of time (*see* Fed. R. Civ. P. 16(b)(4)), no such excusable neglect has been articulated—much less shown—to justify the untimeliness of the request. Notwithstanding this deficiency, given the absence of bad faith or prejudice to Plaintiff (as evidenced by her agreement to the extension of time after the deadline) and in view of the liberal construction of Fed. R. Civ. 6(b)(1) to effectuate the general purpose of seeing that cases are tried on the merits, *see Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010), the Court will grant the parties' stipulated request. The parties are hereby admonished that any future requests for extensions of time shall be brought in advance of the required filing date and be supported by good cause under Fed. R. Civ. P. 16(b)(4).